IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DATA, DARLENE DATA, EXECUTRIX OF THE ESTATE OF MICHAEL DATA, DECEASED, AND DARLENE DATA IN HER OWN RIGHT. | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Civil No. 19-879 |
| v. | )<br>) |
| PENNSYLVANIA POWER COMPANY, ALFA LAVAL, INC. et al | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION and ORDER

This case has been referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

On February 11, 2021, the Magistrate Judge issued a Report and Recommendation, ECF No. 953, recommending that Pennsylvania Power Company's (Penn Power) Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), ECF No. 801, be denied; and recommending that Alfa Laval, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), ECF No. 830, be denied. The parties were informed that written objections to the Report and Recommendation were due by February 25, 2021, and responses to objections were due by March 11, 2021. Both Defendants timely field Objections, to which Plaintiffs filed Responses. For the reasons that follow, after de novo review, the Court

will accept the Report and Recommendation in part, reject it in part, and return the matter to the Magistrate Judge with instructions.[1]

## I. DISCUSSION

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). Penn Power and Alfa Laval each object to the Magistrate Judge's Report and Recommendation to deny their respective motion to dismiss.

### A. Penn Power

Penn Power argues that Plaintiff's civil tort action is improper in light of Section 301(i) of the Occupational Disease Act, 77 Pa. Cons. Stat. § 1402(i) (ODA). Section 301(i) of the ODA bars tort claims by former employees who develop occupational diseases. Penn Power therefore argues that the court lacks subject matter jurisdiction over the Plaintiff's claim. In her Report and Recommendation, the Magistrate Judge concluded that the provision of the ODA upon which Penn Power relies has been superseded by the 1972 Amendments to the Pennsylvania Workers' Compensation Act ("WCA"). She explained as follows:

> [I]n 1972, the Pennsylvania legislature "revised and redefined the Workmen's Compensation Act [("WCA")] and included in one enactment provisions for both direct and traumatic injury and occupational disease." [Pawlosky v. W.C.A.B., 525 A.2d 1204,] 1211 [(Pa. 1987)]. The ODA remains unrepealed, mainly "to make clear that the 1939 statute [remains] in force with respect to occupational diseases contracted prior to the effective date of the 1972 disease provisions of the Workmen's Compensation Act." Id. at 1210.

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides in pertinent part: "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

ECF No. 953, at 11.  Notwithstanding that "one of the main reasons for not repealing" the ODA was to ensure statutory coverage for disabilities due to exposures contracted *prior* to the effective date of the 1972 Workers Compensation Act Amendments, there is no authority that *limits* recovery under the ODA solely to pre-Amendment disabilities. Pawlosky v. W.C.A.B., 525 A.2d 1204, 1210 n. 9 (Pa. 1987).  Claimants may seek recovery for "'disabilities due to occupational diseases'" under either the ODA or the Workers Compensation Act "'or under both in the alternative.'"  Kimberly Clark Corp. v. Workers' Comp. Appeal Bd. (Bromley), 161 A.3d 446, 451 n. 7 (Pa. Commw. Ct. 2017) (quoting Oscar Mayer & Co. v. Workmen's Comp. Appeal Bd., 425 A.2d 879, 879 (Pa. Commw. Ct. 1981)).  "[A]n employee may not bring a common law cause of action against an employer if recovery is possible under either the WCA or the ODA."  Lord Corp. v. Pollard, 695 A.2d 767, 768 (Pa. 1997).  "[A]n employee's common law action is not barred by the exclusivity provisions of either the WCA or the ODA until there has been a final determination that the injury or disease in question is cognizable under either Act."  Lord, 695 A.2d at 769.

    The Court agrees with Penn Power to the extent that, if Plaintiff has a cognizable claim under the ODA, then her common law tort claim against Mr. Data's former employer is barred.  This raises the question of whether Plaintiff's claim is cognizable under the ODA.  Plaintiff maintains her claim is not cognizable under the ODA, and that, pursuant to Tooey v. AK Steel Corp., 623 Pa. 60, 81 A.3d 851 (2013), her common law tort claims are permitted to be brought in the first instance in this Court.  Penn Power maintains that there is no doubt that Plaintiff's claim must be brought under the ODA; however, whether the claim is cognizable under the ODA is a matter to be determined in

the first instance through the administrative process. Lord, 695 A.2d at 768 (final administrative determination as to whether claim is cognizable under WCA or ODA must be made before claimant can bring civil tort claim). Therefore, it is premature to dismiss the Plaintiff's claim at this time.  As such, the Court will deny Penn Power's Motion to Dismiss but grant Penn Power's alternative request for a stay of the proceedings pending administrative resolution of Plaintiff's claim under the ODA.  ECF No. 801, at 12-13. Consistent with Pennsylvania Supreme Court precedent, all proceedings as to Penn Power will be stayed pending the filing and disposition of Plaintiff's ODA administrative proceedings.  Lord, 695 A.2d at 769.  The Magistrate Judge's Report and Recommendation will be rejected as to the disposition of Penn Power's Motion and a stay of the proceedings between Plaintiff and Penn Power will be issued to permit administrative resolution of Plaintiff's claim under the ODA.

### B. Alfa Laval

Alfa Laval argues that it is not subject to general or specific personal jurisdiction in Pennsylvania because it did not personally direct any activity at the Commonwealth of Pennsylvania and therefore the Court lacks personal jurisdiction over Alfa Laval.  Plaintiff argues, however, that pursuant to Pennsylvania's "consent-by-registration" statute, 42 Pa. Cons. Stat. § 5301, Alfa Laval has consented to general personal jurisdiction by registering as a foreign corporation doing business in Pennsylvania.[2]  In her Report and Recommendation, the Magistrate Judge, relying on Bane v. Netlink, Inc., 925 F.2d 637 (3d Cir. 1991), concluded that Pennsylvania's consent-by-registration statute is constitutional.  ECF No. 953, at 13-15.

---

[2] Section 5301(a)(2)(i) provides that registration as a foreign corporation conducting business in Pennsylvania "shall constitute a sufficient basis of jurisdiction to enable the tribunal of this Commonwealth to exercise general personal jurisdiction over such person ... and to enable such tribunals to render personal orders against such person or representative."  42 Pa. Cons. Stat. § 5301.

Furthermore, because Alfa Laval was registered to do business in Pennsylvania at the time the cause of action arose, the Magistrate Judge concluded that the Court properly has personal jurisdiction over Alfa Laval. ECF No. 953, at 15-19. Alfa Laval's Objections do not undermine the recommendation of the Magistrate Judge. As explained by the Magistrate Judge, consent-by-registration in Pennsylvania remains a constitutional basis for personal jurisdiction in this Circuit, notwithstanding the Supreme Court's decision in Daimler AG v. Bauman, 571 U.S. 117 (2014). ECF No. 953, at 14-15 (collecting cases). Alfa Laval relies on a single Third Circuit District Court decision that found that the Pennsylvania statue is unconstitutional. In re Asbestos Prod. Liab. Litig. (No. VI), 384 F. Supp. 3d 532, 541 (E.D. Pa. 2019). However, every other District Court to address the question has determined that Bane remains controlling law. Notably, the District Court in Replica Auto Body Panels & Auto Sales Inc. v. inTech Trailers Inc., while finding the analysis in In re Asbestos Prod. Liab. Litig., persuasive, concluded that Bane remains controlling law in this Circuit." 454 F. Supp. 3d 458, 463–64 (M.D. Pa. 2020) (also noting that "the vast majority of cases have concluded that consent is an alternative basis for general jurisdiction not addressed by, and therefore not abrogated by, Daimler"). See also Tupitza v. Texas Roadhouse Mgmt. Corp., No. 1:20-CV-2, 2020 WL 6268631, at *3–4 (W.D. Pa. Oct. 21, 2020), motion to certify appeal denied, No. 1:20-CV-2, 2020 WL 7586889 (W.D. Pa. Dec. 17, 2020). Accordingly, the Magistrate Judge properly applied precedent and recommended finding personal jurisdiction over Defendant, Alfa Laval. The Objections by Alfa Laval will be overruled, and the Report and Recommendation adopted as to said Defendant.

## II. CONCLUSION

For the reasons stated above, and after de novo review of the pleadings and documents in this case, together with the report and recommendation, and the objections thereto, the Court rejects the Report and Recommendation as to disposition of Penn Power's Motion to Dismiss Plaintiff's Amended Complaint. Penn Power's Motion will be granted in part and denied in part. Penn Power's Motion to Dismiss Plaintiff's Amended Complaint will be denied, without prejudice. Penn Power's Motion will be granted as to its alternative request for a stay of the proceedings. Plaintiff's claim against Penn Power will be stayed pending administrative resolution of the claim under the ODA. Once a final administrative determination has been made regarding Plaintiff's claim, an appropriate motion, either to lift the stay or to dismiss Plaintiff's claim, may be filed in this case. Further, the Court accepts the Report and Recommendation as to the Magistrate Judge's disposition of Alfa Laval's Motion to Dismiss.

Accordingly, the following Order is hereby entered.

## ORDER

AND NOW, this 24th day of March 2021, it is hereby ORDERED that the Report and Recommendation, ECF No. 953, dated February 11, 2021, is rejected as to the disposition of Penn Power's Motion to Dismiss Plaintiff's Amended Complaint. Penn Power's Motion to Dismiss Plaintiff's Amended Complaint pursuant to F.R.C.P. 12(b)(1), ECF No. 801, is GRANTED in part and DENIED in part. Penn Power's Motion to Dismiss Plaintiff's Amended Complaint is DENIED, without prejudice. Penn Power's Motion is GRANTED as to Penn Power's alternative request for a stay of the proceedings.

IT IS FURTHER ORDERED that all proceedings as to Penn Power are hereby STAYED pending administrative resolution of Plaintiffs claim under the Occupational Disease Act.

The Report and Recommendation is adopted as the Opinion of this Court as to the disposition of Alfa Laval's Motion to Dismiss. Alfa Laval's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 830, is DENIED.

This matter is returned to the Magistrate Judge for further proceedings.

Marilyn J. Horan
United States District Court Judge