IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DATA, DARLENE DATA, EXECUTRIX OF THE ESTATE OF MICHAEL DATA, DECEASED, AND DARLENE DATA IN HER OWN RIGHT. | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 19-879 |
| v. | ) ) | |
| PENNSYLVANIA POWER COMPANY, . et al | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION and ORDER

This case has been referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

On December 5, 2022, Magistrate Judge Eddy issued an Order (ECF No. 1317) denying Defendant, Pennsylvania Power Company's (Penn Power), Motion to Stay (ECF No. 1314). On December 16, 2022, Penn Power filed Objections to said Order. (ECF No. 1322). The matter is now ripe for this Court's consideration.

Following consideration of Penn Power's Objections and the respective briefs of the parties (ECF Nos. 1332, 1329, and 1330), and for the reasons stated below, Penn Power's Objections will be sustained. The December 5, 2022 Order (ECF No. 1317) will be set aside, and the matter returned to the Magistrate Judge with instructions to grant Penn Power's Motion to Stay (ECF No. 1314).

I.  Relevant Background

This matter arises out of Plaintiffs' decedent, Michael Data's, alleged asbestos exposure from the named defendants. One of the defendants, Penn Power, employed Mr. Data from 1983 to 2009. As one of its defenses in this matter, Penn Power maintains that Plaintiffs' claims are barred by the Pennsylvania Occupational Disease Act, Pa. Stat. Ann. Tit. 77, § 1201, et. seq. ("ODA"). Penn Power contended that the same must be pursued and adjudicated before the Worker's Compensation Appeal Board (Board), and thereby requested a stay.

On March 24, 2021, this Court entered a Memorandum Opinion and Order granting Penn Power's request for a stay of the proceedings as follows:

> The Court agrees with Penn Power to the extent that, if Plaintiff has a cognizable claim under the ODA, then her common law tort claim against Mr. Data's former employer is barred. This raises the question of whether Plaintiff's claim is cognizable under the ODA. Plaintiff maintains her claim is not cognizable under the ODA, and that, pursuant to *Tooey v. AK Steel Corp.*, 623 Pa. 60, 81 A.3d 851 (2013), her common law tort claims are permitted to be brought in the first instance in this Court. Penn Power maintains that there is no doubt that Plaintiff's claim must be brought under the ODA; however, whether the claim is cognizable under the ODA is a matter to be determined in the first instance through the administrative process. *Lord [v. Pollard]*, 695 A.2d [767], 768 [(Pa. 1997)] (final administrative determination as to whether claim is cognizable under WCA or ODA must be made before claimant can bring civil tort claim). Therefore, it is premature to dismiss the Plaintiff's claim at this time. As such, the Court will deny Penn Power's Motion to Dismiss but grant Penn Power's alternative request for a stay of the proceedings pending administrative resolution of Plaintiff's claim under the ODA. Consistent with Pennsylvania Supreme Court precedent, all proceedings as to Penn Power will be stayed pending the filing and disposition of Plaintiff's ODA administrative proceedings.

(ECF No. 971 at pp. 2-4).

On June 14, 2021, Plaintiffs' counsel filed an ODA Claim Petition listing Michael Data but not Mrs. Data. The Claim Petition sought benefits under Section 301(i) of the ODA only. During the course of the ODA claim, Plaintiffs' counsel (who was also involved in the ODA administrative claim) argued that Penn Power lacked standing to take any position on the ODA

2

Claim Petition and that the ODA Claim Petition should be denied. On January 24, 2022, following briefing and argument, Workers' Compensation Judge (WCJ) Michael Hetrick determined that "Claimant has not met his burden on the Occupational Disease Claim Petition under Section 301(i) of the ODA" and dismissed the Claim Petition. (ECF No. 1322 at pp. 19-23). Penn Power subsequently appealed the January 24, 2022 Order of WCJ Hetrick to the Workers' Compensation Appeal Board ("Board").

Plaintiff's counsel moved to quash the appeal on the ground that Penn Power lacked standing in the ODA administrative matter. In response, Penn Power maintained that it had standing because, as Mr. Data's last employer per the ODA Claim Petition itself, it could be responsible for paying any ODA benefits awarded. On September 29, 2022, following briefing, the Board quashed the appeal on the ground that Penn Power lacked standing to appeal:

> Claimant filed the Occupational Disease Claim Petition against Defendant, alleging that he contracted malignant mesothelioma as a result of an asbestos exposure that occurred while employed by Defendant. He listed Penn Power as a previous employer from 1983 to 2009, but did not allege that he contracted malignant mesothelioma as a result of exposure to asbestos while employed by Penn Power. Although the WCJ permitted Penn Power's counsel to participate in this matter as a result of Judge Horan's Order, Penn Power was not a party in the Claim Petition proceeding before the WCJ. In addition, Penn Power was not aggrieved by the WCJ's Decision and Order. The WCJ's dismissal of the Claim Petition against Defendant did not directly or immediately establish any liability on the part of Penn Power…. Therefore, we must grant the parties' Motions to Dismiss Penn Power's Appeal.

(ECF No. 1322 at p. 27-30). The Board's decision stated that "[a]n appeal to the Commonwealth Court of Pennsylvania may be taken by any party aggrieved by the Board's decision…." *Id*. On October 31, 2022, Penn Power filed a Petition for Review with the Pennsylvania Commonwealth Court as well as a Notice of Appeal with the Court of Common Pleas of Lawrence County pursuant to 42 Pa.C.S. § 933(a)(1)(iv) and 77 P.S. § 1527 where the appeal is by right. *Id*. at pp 34-50. Those appeals remain pending. Penn Power has again moved to stay in this matter

3

pending final resolution of all appeals. In her December 5, 2022 Order denying the stay, Magistrate Judge Eddy stated "[i]t is undisputed that Plaintiff's administrative claims have been resolved" and, therefore, "Penn Power has offered no justifiable argument to support a stay pending appeal…." (ECF Doc. 1317). Penn Power timely objected.

II. Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631-639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo," for magistrate resolution of dispositive matter, 28 U.S.C. § 636(b)(1)(B)-(C), accord Fed. R. Civ. P. 72(b) (referring to "a pretrial matter dispositive of a claim or defense"), and (ii) "clearly erroneous or contrary to law," for magistrate resolution of nondispositive matters, 28 U.S.C. § 636(b)(1)(A), accord Fed. R. Civ. P. 72(a) (referring to "a pretrial matter not dispositive of a party's claim or defense"*)*. In this case, the Order appealed from is nondispositive and will not be disturbed unless such is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) *(citing United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948))*.* "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan,* 183 F.R.D. 119, 127 (D.N.J. 1998).

III. Discussion

In its Objections, Penn Power argues that Judge Eddy's December 5, 2022 Order is based upon a mistake of fact and law because Plaintiffs' administrative claims have not been fully resolved through appeal. Penn Power further maintains that the appeal outcome will determine if

4

this Court has jurisdiction over the claims against Penn Power. Thus, Penn Power contends that Judge Eddy's stay denial conflicts with this Court's March 24, 2021 Order. Plaintiffs argue that Judge Eddy properly denied a stay because a WCJ and the Board made a final administrative determination that Plaintiffs have no claim under the "savings clause" of the ODA.

Following a careful review of the administrative record as presented by the parties, the Court is not persuaded that "Plaintiff's administrative claims have been resolved" or that Plaintiffs pursued administrative procedures in the spirit of this Court's March 24, 2021 Order. This Court's March 24, 2021 Order intended for this case to be stayed pending disposition of the ODA administrative proceedings, which included all appeals as well as an administrative proceeding consistent with the parties, claims, and statutes that will aid the disposition of both state administrative proceedings as well as this litigation.[1] Instead, the WCJ's decision reflects that only Michael Data, and not his Estate or widow, are named parties. Further, the WCJ commented that he did not consider whether other sections of the ODA could apply to Michael Data or his widow because Plaintiff only filed a limited ODA claim under one section of the Act. (ECF No. 1322 at p. 22). Finally, the administrative proceedings do not seem to reflect that Penn Power was a meaningful participant as party with an interest in the outcome, as it impacts its interests in this case before this Court. Because resolution of the pending appeal could ultimately determine that the ODA, or other provisions of the ODA, may bar Plaintiffs' claims against Penn Power, and in the interests of judicial economy and comity, a stay is warranted until the ODA claims are fully and fairly pursued and finally resolved. Therefore, Penn Power's

---

[1] This Court has neither authority nor interest in determining how the state administrative bodies or courts conduct their proceedings. The parties, the state administrative adjudicative bodies, the state courts, and this Court deserve a level of earnestness that leads to a fair adjudication of the ODA issues. The Court would encourage the parties to proceed in a manner consistent with the same.

Objections to Judge Eddy's December 5, 2022 will be sustained with instructions for Magistrate Judge Eddy to enter a stay in this matter until such time the parties produce a final resolution from the state administrative process and judicial appeals of the issues raised in this Court's March 24, 2021 Order, which includes adjudication of Penn Power's state administrative law defenses.

 Accordingly, the following Order is hereby entered.

### ORDER

AND NOW, this 17th day of February 2023, it is hereby ORDERED that The December 5, 2022 Order (ECF No. 1317) is set aside pursuant to Fed. R. Civ. P. 72(a), and the matter returned to the Magistrate Judge with instructions to grant Penn Power's Motion to Stay (ECF No. 1314).  It is further ordered that the order staying this matter will remain in effect until such time the parties produce a final resolution from the state administrative process and judicial appeals of the issues raised in this Court's March 24, 2021 Order, which includes adjudication of Penn Power's state administrative law defenses.

This matter is returned to the Magistrate Judge for further proceedings.

_____
Marilyn J. Horan
United States District Court Judge