IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DATA, DARLENE DATA, EXECUTRIX OF THE ESTATE OF MICHAEL DATA, DECEASED, AND DARLENE DATA IN HER OWN RIGHT. | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Civil No. 19-879 |
| v. | )<br>) |
| PENNSYLVANIA POWER COMPANY, et al | )<br>) |
| Defendants. | ) |

**OPINION**

This case has been referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

On May 11, 2023, Magistrate Judge Eddy issued an Order (ECF No. 1339) denying Plaintiffs' Motion for Remand without prejudice to refile after the stay has been lifted. (ECF No. 1335). On May 24, 2023, Plaintiff filed Objections to said Order. (ECF No. 1340). The matter is now ripe for this Court's consideration.

Following consideration of Plaintiff's Objections and the respective briefs of the parties (ECF Nos. 1340, and 1342), and for the reasons stated below, Plaintiffs' Objections will be sustained. The stay will be lifted, and this Court will proceed with a decision on the merits of Plaintiffs' Motion for Remand (ECF No. 1335). Following consideration of Plaintiffs' Motion for Remand (ECF No. 1335), the respective briefs (ECF No. 1336 and 1338), and for the reasons stated below, Plaintiff's Motion for Remand will be granted.

I. Relevant Background

This matter arises out of Plaintiffs' decedent, Michael Data's, alleged asbestos exposure from the named defendants. One of the defendants, Penn Power, employed Mr. Data from 1983 to 2009. As one of its defenses in this matter, Penn Power maintains that Plaintiffs' claims are barred by the Pennsylvania Occupational Disease Act, Pa. Stat. Ann. Tit. 77, § 1201, et. seq. ("ODA"). Penn Power contended that the same must be pursued and adjudicated before the Worker's Compensation Appeal Board (Board), and thereby requested a stay. On March 24, 2021, this Court granted Penn Power's request for a stay of the proceedings as follows:

> The Court agrees with Penn Power to the extent that, if Plaintiff has a cognizable claim under the ODA, then her common law tort claim against Mr. Data's former employer is barred. This raises the question of whether Plaintiff's claim is cognizable under the ODA. Plaintiff maintains her claim is not cognizable under the ODA, and that, pursuant to *Tooey v. AK Steel Corp.*, 623 Pa. 60, 81 A.3d 851 (2013), her common law tort claims are permitted to be brought in the first instance in this Court. Penn Power maintains that there is no doubt that Plaintiff's claim must be brought under the ODA; however, whether the claim is cognizable under the ODA is a matter to be determined in the first instance through the administrative process. *Lord [v. Pollard]*, 695 A.2d [767], 768 [(Pa. 1997)] (final administrative determination as to whether claim is cognizable under WCA or ODA must be made before claimant can bring civil tort claim). Therefore, it is premature to dismiss the Plaintiff's claim at this time. As such, the Court will deny Penn Power's Motion to Dismiss but grant Penn Power's alternative request for a stay of the proceedings pending administrative resolution of Plaintiff's claim under the ODA. Consistent with Pennsylvania Supreme Court precedent, all proceedings as to Penn Power will be stayed pending the filing and disposition of Plaintiff's ODA administrative proceedings.

(ECF No. 971 at pp. 2-4).

On June 14, 2021, Plaintiffs' counsel filed an ODA Claim Petition listing Michael Data but not Mrs. Data. The Claim Petition sought benefits under Section 301(i) of the ODA only. During the course of the ODA claim, Plaintiffs' counsel (who was also involved in the ODA administrative claim) argued that Penn Power lacked standing to take any position on the ODA Claim Petition and that the ODA Claim Petition should be denied. On January 24, 2022,

following briefing and argument, Workers' Compensation Judge (WCJ) Michael Hetrick determined that "Claimant has not met his burden on the Occupational Disease Claim Petition under Section 301(i) of the ODA" and dismissed the Claim Petition. (ECF No. 1322 at pp. 19-23). Penn Power subsequently appealed the January 24, 2022 Order of WCJ Hetrick to the Workers' Compensation Appeal Board ("Board").

Plaintiff's counsel moved to quash the appeal on the ground that Penn Power lacked standing in the ODA administrative matter. In response, Penn Power maintained that it had standing because, as Mr. Data's last employer per the ODA Claim Petition itself, it could be responsible for paying any ODA benefits awarded. On September 29, 2022, following briefing, the Board quashed the appeal on the ground that Penn Power lacked standing to appeal:

> Claimant filed the Occupational Disease Claim Petition against Defendant, alleging that he contracted malignant mesothelioma as a result of an asbestos exposure that occurred while employed by Defendant. He listed Penn Power as a previous employer from 1983 to 2009, but did not allege that he contracted malignant mesothelioma as a result of exposure to asbestos while employed by Penn Power. Although the WCJ permitted Penn Power's counsel to participate in this matter as a result of Judge Horan's Order, Penn Power was not a party in the Claim Petition proceeding before the WCJ. In addition, Penn Power was not aggrieved by the WCJ's Decision and Order. The WCJ's dismissal of the Claim Petition against Defendant did not directly or immediately establish any liability on the part of Penn Power…. Therefore, we must grant the parties' Motions to Dismiss Penn Power's Appeal.

(ECF No. 1322 at p. 27-30). The Board's decision stated that "[a]n appeal to the Commonwealth Court of Pennsylvania may be taken by any party aggrieved by the Board's decision…." *Id*. On October 31, 2022, Penn Power filed a Petition for Review with the Pennsylvania Commonwealth Court as well as a Notice of Appeal with the Court of Common Pleas of Lawrence County pursuant to 42 Pa.C.S. § 933(a)(1)(iv) and 77 P.S. § 1527 where the appeal is by right. *Id*. at pp 34-50.

On April 17, 2023, the Court of Common Pleas of Lawrence County quashed Penn

3

Power's appeal. (ECF No. 1340-1).  In its opinion, the common pleas court based its decision upon *Herold v. Univ. of Pittsburgh - of Commonwealth Sys. of Higher Educ.*, 291 A.3d 489 (Pa.Cmwlth. 2023), *reargument denied* (Apr. 11, 2023), wherein the Commonwealth Court of Pennsylvania held that the development mesothelioma more than four years after an employee's last exposure to asbestos is not subject to the exclusive remedy mandate of the Occupational Disease Act (ODA).   Penn Power has appealed said decision to the Commonwealth Court. *Herrold* has also been appealed to the Pennsylvania Supreme Court.  Both remain pending.

On April 26, 2023, by Plaintiffs' motion and court order, Penn Power became the sole defendant in this matter.  (ECF No. 1334). With Penn Power as the remaining defendant, Plaintiffs now argue that the stay should be lifted and move to remand this case to the Allegheny Court of Common Pleas because there remains no basis for federal jurisdiction.   Penn Power opposes both the lifting of the stay and motion for remand.

II.  Standard of Review

The Federal Magistrates Act, 28 U.S.C. §§ 631-639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo," for magistrate resolution of dispositive matter, 28 U.S.C. § 636(b)(1)(B)-(C), accord Fed. R. Civ. P. 72(b) (referring to "a pretrial matter dispositive of a claim or defense"), and (ii) "clearly erroneous or contrary to law," for magistrate resolution of nondispositive matters, 28 U.S.C. § 636(b)(1)(A), accord Fed. R. Civ. P. 72(a) (referring to "a pretrial matter not dispositive of a party's claim or defense"*).*

In this case, the appealed Order, which both denies the lifting of the stay and the motion for remand, contains both a non-dispositive and dispositive component, which this Court will address in turn.

III. Discussion

    A. Stay

Plaintiffs argue that, now that the *Herold* decision has set a controlling precedent on the relevant provisions of the ODA, this matter can move forward. Penn Power contends that its appeal to the Commonwealth Court and *Herold*'s petition for allowance of appeal to the Pennsylvania Supreme Court, regarding interpretation of the ODA, remain pending.

"A United States district court has broad power to stay proceedings," and "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N.A., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976). "In determining whether to stay an action under its inherent authority, a court must weigh the competing interests of and possible harms to the parties." *Stokes v. Real Page, Inc.*, No. 15-1520, 2016 WL 9711699 at *1 n.1 (E.D. Pa. Jan. 25, 2016) (quotation marks omitted). In making this determination, the Court weighs whether a stay would create prejudice, whether a party would suffer a hardship or inequity, and whether granting the stay would further the interest of judicial economy. *Id.* "[T]he same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *McCall v. Avco Corp.*, 4:18-CV-01350, 2019 WL 2004358, at *1 (M.D. Pa. May 7, 2019) (citations omitted).

Here, Judge Eddy's decision to deny the lifting of the stay is non-dispositive, and while said decision contains no error of law in said decision, this Court will exercise its broad discretion in weighing whether to lift the stay. At the time the Court entered a stay, the question of whether Plaintiff had a cognizable claim under the ODA was open and without state appellate court guidance. During the pendency of the stay, the Commonwealth Court decided *Herold*, and

5

this Court now has a precedent to determine whether the common law claims against Penn Power could proceed.  Under *Herold*'s interpretation of the ODA, Plaintiffs would need to have filed his ODA claim with the Worker's Compensation Board within four years of his last workplace asbestos exposure, which was 2013.  Because the record and pleadings indicate that Plaintiffs did not file within the proscribed time period, Plaintiffs are not subject to the exclusive-remedy provision of the ODA.  Therefore, under *Herold* and its application by the Lawrence County Court of Common Pleas, Plaintiffs' common law claims against Penn Power are not barred under ODA.   While Penn Power argues that it has appealed the common pleas court decision, the Commonwealth Court, who has decided *Herold* and denied rehearing en banc, will almost certainly affirm the same.    And even though *Herold* itself has been appealed to the Pennsylvania Supreme Court, there exists no certainty or indication that the state supreme court will either grant review or reverse the Commonwealth Court.  Thus, at this juncture, the Court will accord due weight to the *Herold* decision[1] and lift the stay so that the parties may expeditiously proceed with this litigation.[2]

---

[1] In the absence of guidance from the Pennsylvania Supreme Court, we look to decisions of the intermediate appellate courts for assistance in predicting how the Supreme Court would rule. *Gares v. Willingboro Twp.*, 90 F.3d 720, 725 (3d Cir.1996) (citation omitted). Indeed, rulings of the intermediate appellate courts are "accorded significant weight and should not be disregarded absent a persuasive indication that the highest state court would rule otherwise." *U.S. Underwriters Ins. Co. v. Liberty Mut. Ins. Co.*, 80 F.3d 90, 93 (3d Cir.1996) (citation omitted). Indeed, under the Pennsylvania scheme, Pennsylvania lower courts must follow the precedential rulings of the Superior Court. *See Benson ex rel. Patterson v. Patterson*, 782 A.2d 553, 555–56 (Pa.Super. 2001).

[2] The Court will ultimately be remanding this matter to state court, and its decision to lift the stay in light of the *Herold* decision is not intended as a mandate or directive to the state court's decision to await further appellate guidance or proceed with litigation activities.   This Court affords all due deference to the state court on remand on how it wishes to proceed relative to the ODA remedies.   Because this Court's basis for jurisdiction operates independently of the ODA interpretation, it is prudent to remand the case without regard to the state appellate process.

B.  Remand

Plaintiffs move for remand because the only basis for this Court's jurisdiction, dismissed defendants' invocation of a federal officer defense under 28 U.S.C. § 1442, no longer exists. Penn Power maintains that this Court should continue to exercise supplemental jurisdiction under 28 U.S.C. § 1367 because of the length of the litigation and the Court's perceived familiarity with the dispute.

The dismissal of the removing defendants does not eliminate the Court's subject matter jurisdiction over the remaining claims. *See New Rock Asset Partners, L.P. v. Preferred Entity Advancement, Inc.*, 101 F.3d 1492, 1505 (3d Cir.1996) ("Once a court has decided to exercise jurisdiction over the state claim, however, elimination of the federal claim does not deprive the court of the constitutional power to adjudicate the pendent claim."); *see also In Re: Asbestos Products Liab. Litig. N.D. Pipefitter II Grp. Plaintiffs*, 536 F. App'x 183, 190 n. 15 (3d Cir.2013). Rather, after the dismissal of the jurisdiction-conferring party, the district courts "may decline to exercise supplemental jurisdiction." 28 U.S.C. § 1367(c); *Gulati v. Zuckerman*, 723 F.Supp. 353, 358 (E.D.Pa.1989) ("Once the federal parties (or, in this case, the claims based upon actions taken pursuant to federal direction) are dismissed from a case which has been removed under § 1442(a)(1), a federal district court has the power either to adjudicate the remaining state claims or to remand to state court."). When determining whether to maintain jurisdiction, the district courts should consider "judicial economy, convenience and fairness to litigants." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Growth Horizons, Inc. v. Del. Cnty., Pa.*, 983 F.2d 1277, 1284 (3d Cir.1993).

Here, the Court finds that, in its discretion to exercise supplemental jurisdiction, remand is warranted. Because of the delays in the administrative process regarding the ODA, as

discussed supra, very little litigation as between Plaintiffs and Penn Power has occurred. And while the parties may have developed discovery relative to Mr. Data's medical records, Penn Power has yet to answer Plaintiffs' discovery. (See ECF No. 1335 at p. 3, fn. 3). Any facts relative to Mr. Data's exposure, as it specifically relates to his employment at Penn Power, are yet to be developed. Further, but for the dismissed defendants, the matter between Plaintiffs and Penn Power would have been litigated in state court. Therefore, the Court finds that the interests of fairness, convenience, and judicial economy do not necessitate the invocation of supplemental jurisdiction.

    Accordingly, Plaintiffs' Motion for Remand will be granted and the matter remanded to the Allegheny County Court of Common Pleas. A separate order will follow.     .

Dated: June 12, 2023

                                                    Marilyn J. Horan
                                                    United States District Court Judge